UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YVETTE HESTER,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>    Defendant. | Case No. 21-cv-98-RMM |

## MEMORANDUM OPINION AND ORDER

Yvette Hester brought this case seeking judicial review of a decision of the Commissioner to deny her Supplemental Security Income Benefits. *See* Compl. ¶¶ 3–4, ECF No. 1. She moved for entry of a judgment reversing the Commissioner's decision or, in the alternative, remanding the decision for further administrative proceedings, on the theory that the Commissioner's decision lacks a substantial evidentiary basis and is erroneous as a matter of law. *See* Mot. for J. of Reversal, ECF No. 17. Rather than respond to Ms. Hester's motion, the Commissioner filed a Motion for Entry of Judgment with Remand, requesting that the Court remand Ms. Hester's claim "so that the Commission may remand the claim to an administrative law judge to hold a new hearing and issue a new decision." Def. Mot. for Remand, ECF No. 18. Ms. Hester does not oppose the Commissioner's motion. *See id.* at 1.

This Court has "the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" pursuant to the fourth sentence of 42 U.S.C. § 405(g). A sentence-four remand is appropriate only in conjunction with a final judgment on the Commissioner's decision to deny benefits. *Melkonyan v. Sullivan*, 501 U.S. 89, 99–100 (1991).

For that reason, a "substantive ruling on the correctness of [the Commissioner's] decision" is a "necessary prerequisite to a sentence-four remand." *Krishnan v. Barnhart*, 328 F.3d 685, 692 (D.C. Cir. 2003) (citing *Melkonyan*, 501 U.S. at 98–101).

The Commissioner has conceded that her decision was incorrect in this matter. Under this Court's local rules, when an argument is advanced in support of a motion and the opposing party fails to counter the argument in a timely opposition brief, the court may treat the argument as conceded, even if the result is dismissal of the entire case. *See* Local Rule 7(b); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) (collecting cases); *Bancoult v. McNamara*, 227 F. Supp. 2d 144, 149 (D.D.C. 2002) (same). The Commissioner's response to Ms. Hester's Motion for Judgment of Reversal was due on January 17, 2022. *See* Nov. 15, 2021 Min. Order. The Commissioner did not file an opposition or seek an extension of time to do so. She has thus conceded the arguments in Ms. Hester's motion and brief in support, and the Court accordingly **GRANTS** Ms. Hester's Motion for Judgment of Reversal. Consistent with sentence four of Section 405(g) and the Commissioner's unopposed motion for remand, the Court also **GRANTS** the Commissioner's Motion for Remand and **REMANDS** this matter for further administrative proceedings.

**SO ORDERED** this March 23, 2022.

ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE